IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| EDWARD REDLUND, | : |
| PLAINTIFF | : |
| V. | : CIVIL ACTION NO. CV111-113 |
| PETE ALEWINE POOL COMPANY, INC., | : |
| DEFENDANT | : |

## COMPLAINT FOR MONEY DAMAGES

COMES NOW, Plaintiff by and through his counsel, and files this Complaint for relief, and sets forth the following:

1.

Plaintiff, is a resident of the State of Georgia, and is entitled to the benefits of the jurisdiction and venue of this Court.

2.

The Defendant set forth herein is a private corporation doing business in the State of Georgia, and may be served by service upon the Registered Agent, Peter Alewine, Jr., 5250 Magnolia Lane, 5250 Magnolia Lane, Evans, GA 30809.

3.

This Court has jurisdiction and is the proper venue for this action.

4.

This Court has subject matter jurisdiction over the matters asserted herein under 29 USC 207 and 216(b). Plaintiff in the styled above has given his written consent to the filing of this action, and such consents appear as **Exhibit A**.

5.

Plaintiff was employed by Defendant as a heavy equipment operator from February 9, 2004 to May 16, 2011. Defendant is an employer covered by the requirements of 29 USC 201 et. seq., otherwise titled "Fair Labor Standards Act" (FLSA).

-6-

Plaintiff's employment was not subject to any exemption from coverage under said law.

7.

Plaintiff was routinely required to work in excess of forty hours a week, but is paid a set rate that is less than the proper regular rate of pay plus overtime under the FLSA.

8.

Plaintiff is not being paid for the full forty hours he has worked.

9.

Plaintiff has worked substantial overtime in every week that he worked for Defendant and was underpaid for his overtime in every week that he worked for Defendant.

10.

Defendant did not enter into a valid contract with Plaintiff to compensate him, but rather paid him for a fluctuating work week that averaged 11.2 hours a day for five days, and average 8.5 hours on Saturday. He averaged for the three years that he worked for Defendant 64.75 hours a week.

11.

Defendant routinely denied Plaintiff pay for his hourly wage and his overtime, as set forth under 29 USC 201 et seq.

12.

Defendant has failed to keep accurate records of Plaintiff's time and pay in violation of 29 USC 211(c).

13.

Defendant had a plan to pay Plaintiff $1054.00 a week regardless of how long he worked.

14.

Defendant was responsible for keeping accurate records of the authorized and completed time per each job as reflected by the book. Plaintiff was not paid for the jobs that he performed according to the time that he worked. Plaintiff calculates that his regular pay should have been $16.30 an hour and that his overtime rate should have been $24.40 an hour. His damages hereunder would extend back to three years from the filing of this complaint.

15.

Defendant has routinely, and knowingly, paid Plaintiff less than the time reflected by his regular hourly pay and his overtime.

16.

Plaintiff has relied to his detriment upon Defendant to keep proper records.

17.

Defendant's failure to keep accurate records is a violation of law.

### VIOLATION OF FLSA OVERTIME PROVISIONS

18.

Plaintiff realleges each and every allegations hereinbefore set forth.

19.

Defendant is in willful violation of the Fair Labor Standards Act for failure to pay overtime pay and for failure to keep accurate records.

20.

Plaintiff prays that this Court enter a judgment in favor of Plaintiff awarding the following:

(a)   an amount for unpaid wages to be proved at trial, to compensate Plaintiff for his labor for the benefit of Defendant.

(b)   an amount equal to that found above, as liquidated damages as provided by law,

(c)   an amount for the cost of this action, including reasonable attorney's fees as provided by law;

(d)   That Plaintiff such other relief as the Court deems just and proper.

### CLAIM FOR JURY TRIAL

COMES NOW the above-named Plaintiff in his initial pleadings to this Court and requests that this Court grant to him a trial by jury of all issues that would properly be submitted to a jury in this case.

This __28th__ day of July, 2011.

2603 Commons Blvd.  
Suite C  
Augusta, Georgia 30909  
(706) 731-9925

/s/ John M. Brown  
JOHN M. BROWN  
Ga Bar No. 088138  
Attorney for Plaintiff